# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | ) 1:19-cv-00991-JLT (HC) |
| Petitioner, | ) ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE |
| vs. | ) NORTHERN DISTRICT OF CALIFORNIA |
| CONNIE GIPSON, | ) |
| Respondent. | ) |

Petitioner has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which it appears he is challenging the conditions of confinement. Petitioner has submitted an application to proceed in forma pauperis; the application has been not been ruled on by this court.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). In this case, it appears petitioner is challenging the conditions of

confinement, and he is presently confined in Salinas Valley State Prison located in the Northern District of California. Whereas here the petitioner attacks the execution of his sentence, as opposed to an attack on the conviction itself, the proper forum in which to review such a claim is the district of confinement. See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). Petitioner is confined in Salinas Valley State Prison located in the Northern District of California. Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, the Court ORDERS that this matter be transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: **July 28, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE